**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rogelio VALENCIA–ARROYO,
Defendant–Appellant.**

**No. 13–50960
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 19, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Rogelio Valencia–Arroyo appeals the sentence imposed for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 37–month

---

within-guideline sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). According to Valencia–Arroyo, the guideline range was too high to fulfill § 3553(a)'s goals because U.S.S.G. § 2L1.2 is not empirically based and effectively double-counts a defendant's criminal record. He also contends that the range overstated the seriousness of his non-violent-reentry offense and failed to account for his personal history and characteristics, specifically, his cultural assimilation and motive for returning to the United States.

Although Valencia–Arroyo acknowledges that we apply plain-error review where a defendant fails to object to the reasonableness of his sentence, he seeks to preserve the issue for further review. Because he did not object to substantive reasonableness in the district court, plain-error review applies. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007).

"When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the ... § 3553(a) factors, we will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

Valencia–Arroyo contends that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the guideline is not empirically based. He acknowledges that his argument is foreclosed by circuit precedent but

seeks to preserve it for further review. As he concedes, we have consistently rejected the "empirical data" argument. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 & n. 7 (5th Cir.2009). We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte,* 569 F.3d at 529–31, and that the guidelines overstate the seriousness of illegal reentry because it is only a non-violent international-trespass offense, *see United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir.2006).

The district court considered Valencia–Arroyo's request for downward variance and the § 3553(a) factors but ultimately concluded that a sentence at the bottom of the guideline range was sufficient, but not greater than necessary, to satisfy the sentencing goals in § 3553(a). Valencia–Arroyo's assertions that § 2L1.2's lack of an empirical basis, the double-counting of his prior conviction, the non-violent nature of his offense, his cultural assimilation, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008); *United States v. Rodriguez,* 523 F.3d 519, 526 (5th Cir. 2008). Therefore, Valencia–Arroyo has failed to show that the sentence is substantively unreasonable, and there is no reversible plain error. *See Campos–Maldonado,* 531 F.3d at 339.

The judgment of sentence is AFFIRMED.